EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.G., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; [FIRST | ) |
| NAME UNKNOWN] LUNA, in his individual | ) |
| capacity; | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1. Plaintiff C.G. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly two years.

2. While housed at FCI Dublin, Plaintiff C.G. witnessed and faced constant sexual harassment that culminated in sexual abuse.

*C.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 1

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4. Plaintiff C.G. is experiencing long-lasting traumatization.

**JURISDICTION AND VENUE**

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff C.G. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

**PARTIES**

9. Plaintiff C.G. was at all times relevant here incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant [First Name Unknown] Luna was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff C.G. Plaintiff C.G. was dependent upon Defendant United States for her personal security and necessities.

*C.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 2

13.    In performing the acts and/or omissions contained herein, Defendant Luna acted under color of federal law, and Plaintiff C.G. is informed and believes acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff C.G. Defendant United States new or should have known that his conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff C.G. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendant United States failed to take steps to protect Plaintiff C.G. and to ensure her rights to safety from sexual abuse.

**FACTS**

14.    From approximately September 2021 through October 2023, Plaintiff C.G. was incarcerated at FCI Dublin.

15.    During that time, Plaintiff C.G. became intimately familiar with why it was known as "the Rape Club".

16.    She experienced sexual harassment and abuse from guards regularly and saw such abuse happening to other women at Dublin.

17.    Plaintiff C.G. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the SHU, or loss of good-time credit resulting in a longer BOP sentence.

18.    Approximately two months after Plaintiff C.G.'s arrival at Dublin, Officer Luna began harassing her. They both spoke Spanish, and Officer Luna began making vulgar, double-entendre comments to her in Spanish.

19.    He would also grab his groin while looking at Plaintiff C.G. from head to toe.

20.    He frequently yelled at Plaintiff C.G., and if he felt she did not follow his directions, he retaliated by searching her room, confiscating her belongings, and leaving a mess in his wake.

21.    In late 2022, Plaintiff C.G. was being escorted to an outside medical appointment and was taken to the Special Housing Unit ("SHU") before being processed out.

22.    One officer handcuffed Plaintiff C.G. and then handed her off to Defendant Luna.

23.    Defendant Luna escorted her to SHU, which required crossing a field.

24.   While crossing the field, Defendant Luna stopped in front of Plaintiff C.G., placed his hands in her pants, and digitally penetrated her vagina.

25.   Plaintiff C.G. is a survivor of previous sexual abuse and froze during the abuse by Defendant Luna.

26.   She would not look him in the eye, which enraged him, and he said, "What, do you think you're too good for me, bitch?" while still digitally penetrating her vagina.

27.   He withdrew his fingers from her vagina and pulled her by the handcuffs to SHU.

28.   After this, Defendant Luna continued to search and tear apart her cell. This continued for three months.

29.   She continued having to interact with Defendant Luna and was terrified every time.

30.   Defendant Luna's conduct towards Plaintiff C.G. and others was overt and obvious.

31.   Plaintiff C.G. lived in fear of Defendant Luna and experienced great anxiety, fear, shame, and embarrassment over what he did to her.

32.   She never felt safe at FCI Dublin.

33.   She has been able to see a therapist who has provided her with some help, but she is still navigating the anxiety, fear, shame, and embarrassment. She also suffers from night terrors.

34.   Plaintiff C.G. is in BOP custody with an expected release date of March 14, 2027.

## EXHAUSTION

35.   On December 10, 2025, Plaintiff C.G., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

36.   The BOP denied her claim on February 27, 2026.

## EQUITABLE TOLLING

37.   Plaintiff C.G. is entitled to equitable tolling for her FTCA Claim received by the BOP on December 10, 2025.

38.   The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

//

//

*C.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 4

39.    Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

40.    Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

41.    Plaintiff C.G. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

42.    Because Plaintiff C.G. remains incarcerated within the BOP, she continues to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remains under BOP custody and control, the threats, coercion, and fear of retaliation continue to silence her.

43.    A court-appointed Special Master confirmed that during the time of Plaintiff M.C.'s incarceration, FCI Dublin lacked a safe and consistent path for women to file sex abuse complaints, that women in custody were intimidated and forced to justify why they needed to complete sex abuse complaints in the first place, and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions, which extended their incarceration.[1]

44.    Plaintiff C.G. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

45.    Plaintiff C.G. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

46.    Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff C.G.'s statute of limitations prevents this very result. Without the equitable tolling of

---

[1] First Report of the Special Master Pursuant to the Court's Order of March 26, 2024, U.S Bureau of Prisons Federal Correctional Institution, Dublin, Submitted by Wendy Still, Special Master U.S. District Court Northern District Court of California June 5, 2024.

*C.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 5

Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

47.     Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

48.     Plaintiff C.G. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employee, Defendant Luna.

49.     The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

50.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

51.     His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

52.     Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

53.     Luna discriminated against Plaintiff C.G. based on her gender when he sexually abused her by physically subjecting her to sexual acts.

54.     By these acts, Luna caused Plaintiff C.G. physical, mental, and emotional injuries as well as injury to her personal dignity.

//

//

//

## SECOND CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant Luna)
### (Cal. Civ. Code § 52.4)

55.     Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

56.     Plaintiff C.G. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendant Luna.

57.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

58.     His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

59.     Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

60.     Plaintiff has a nonfrivolous argument that Defendant Luna bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

61.     Luna discriminated against Plaintiff C.G. based on her gender when he sexually abused her by physically subjecting her to sexual acts.

62.     By these acts, Luna caused Plaintiff C.G. physical, mental, and emotional injuries as well as injury to her personal dignity.

## THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

63.     Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

64.     Plaintiff C.G. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employee, Luna.

65. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

66. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

67. Defendant Luna violated Plaintiff C.G.'s right to be free from sexual assault by sexually abusing her while she was incarcerated.

68. Defendant Luna's sexual abuse of Plaintiff C.G. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

69. Defendant Luna subjected Plaintiff C.G. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff C.G.'s person.

70. By intentionally subjecting Plaintiff C.G. to sexual acts, Luna acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

71. By subjecting Plaintiff C.G. to sexual acts, Defendant Luna caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant Luna)**
**(California Common Law)**

72. Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

73. Plaintiff C.G. brings this claim for sexual assault for violation of her rights under California common law against Luna.

74. Defendant Luna violated Plaintiff C.G.'s right to be free from sexual assault by sexually abusing her while she was incarcerated.

75. Defendant Luna's sexual abuse of Plaintiff C.G. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

76. Defendant Luna subjected Plaintiff C.G. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff C.G.'s person.

77.     By intentionally subjecting Plaintiff C.G. to sexual acts, Defendant Luna acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

78.     By subjecting Plaintiff C.G. to sexual acts, Defendant Luna caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

79.     Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

80.     Plaintiff C.G. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employee, Defendant Luna.

81.     This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

82.     His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

83.     Defendant Luna committed sexual battery against Plaintiff C.G. by sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

84.     The sexual abuse of Plaintiff C.G., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

85.     Defendant Luna subjected Plaintiff C.G. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff C.G.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant Luna)**
**(Cal. Civ. Code § 1708.5)**

86.     Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

87. Plaintiff C.G. brings this claim for sexual battery under California Civil Code § 1708.5 against Luna.

88. Defendant Luna committed sexual battery against Plaintiff C.G. by sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

89. The sexual abuse of Plaintiff C.G., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

90. Defendant Luna subjected Plaintiff C.G. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff C.G.'s person.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)
### (FTCA; California Common Law)

91. Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

92. Plaintiff C.G. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Luna.

93. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

94. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

95. Defendant Luna engaged in outrageous conduct by subjecting Plaintiff C.G. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff C.G. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

96. Defendant Luna's sexual abuse caused Plaintiff C.G. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

*C.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 10

97.     Defendant Luna intended to cause Plaintiff C.G. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

## EIGHTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant Luna)
### (California Common Law)

98.     Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

99.     Plaintiff C.G. brings this claim for the intentional infliction of emotional distress against Luna.

100.    Defendant Luna engaged in outrageous conduct by subjecting Plaintiff C.G. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff C.G. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

101.    Defendant Luna's sexual abuse caused Plaintiff C.G. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

102.    Defendant Luna intended to cause Plaintiff C.G. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

## NINTH CLAIM FOR RELIEF
## BANE ACT
### (against all Defendants)
### (FTCA; Cal. Civ. Code § 52.1)

103.    Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

104.    Plaintiff C.G. was in the custody and control of the United States during all relevant times.

105.    Defendant Luna violated Plaintiff C.G.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual

*C.G. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 11

punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

106.    Defendant United States, by the actions of its employee Luna, interfered with Plaintiff C.G.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

107.    As a proximate result of these acts, Plaintiff C.G. sustained damage and injury.

**TENTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

108.    Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

109.    Defendant Luna knowingly recruited, enticed, and solicited Plaintiff C.G. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

110.    Defendant Luna made Plaintiff C.G. engage in sex acts through force and coercion.

111.    Defendant United States knew of, or should have reasonably known, that Defendant Luna was soliciting Plaintiff C.G. in exchange for sex acts, and benefited by failing to protect Plaintiff C.G.

112.    This conduct has caused Plaintiff C.G. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

//

## ELEVENTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
#### (against Defendant United States)
#### (FTCA; Cal. Civ. Code § 52.5)

113.    Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

114.    Defendant Luna knowingly recruited, enticed, and solicited Plaintiff C.G. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

115.    Defendant Luna made Plaintiff C.G. engage in sex acts through force and coercion.

116.    Defendant United States knew or should have known that Defendant Luna was engaged in these activities and intentionally placed Plaintiff C.G. at greater risk of harm and/or failed to act in a manner that protected Plaintiff C.G. from harm.

117.    Defendant United States employed Defendant Luna, whose actions and/or inactions occurred while he was acting as a federal employee under the color of law.

118.    This conduct has caused Plaintiff C.G. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## TWELFTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
#### (against Defendant Luna)
#### (Cal. Civ. Code § 52.5)

119.    Plaintiff C.G. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

120.    Defendant Luna knowingly recruited, enticed, and solicited Plaintiff C.G. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

121.    Defendant Luna made Plaintiff C.G. engage in sex acts through force and coercion.

122.    Defendant United States knew or should have known that Defendant Luna was engaged in these activities and intentionally placed Plaintiff C.G. in greater risk of harm and/or failed to act in a manner that protected Plaintiff C.G. from harm.

123.    This conduct has caused Plaintiff C.G. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## PRAYER FOR RELIEF

124.    Plaintiff C.G. prays for judgment against Defendant, and each of them, as follows:

    (a)    An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff C.G. in an amount to be determined at trial;

    (b)    An award to Plaintiff C.G. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

    (c)    For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff C.G. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 3, 2026    SIEGEL, YEE, BRUNNER & MEHTA

By:_____
    EmilyRose Johns

GOLDEN LAW

By: /s/ *Deborah M. Golden*
    Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*